Taopanta v 1211 6th Ave. Prop. Owner, LLC. (2023 NY Slip Op 00385)

Taopanta v 1211 6th Ave. Prop. Owner, LLC.

2023 NY Slip Op 00385

Decided on January 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 26, 2023

Before: Renwick, J.P., Manzanet-Daniels, Gesmer, Kennedy, Shulman, JJ. 

Index No. 150079/18, 595874/18 Appeal No. 16805 Case No. 2021-03596 

[*1]Jorge Fares Taopanta, Plaintiff-Appellant,
v
1211 6th Avenue Property Owner, LLC., et al., Defendants-Respondents.
Benchmark Builders, Inc., Third-Party Plaintiff-Respondent,
v
Liberty Contracting Corp., Third-Party Defendant-Respondent.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Bartlett LLP, Central Islip (Anne Marie Garcia of counsel), for 1211 6th Avenue Property Owner, L.L.C., Twenty-First Century Fox America Inc., Cushman and Wakefield, Inc., and Benchmark Builders, Inc., respondents.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for Liberty Contracting Corp., respondent.

Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered July 9, 2021, which denied plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim, unanimously reversed, on the law, without costs, and plaintiff's motion granted.
Plaintiff was injured while he and two coworkers were disposing of construction debris, including a glass and metal door, by lifting it into a truck by hand when the door fell, causing plaintiff's hand to be crushed between the door and the lip of the truck. As a result of the accident, plaintiff's finger was severed from his hand. Plaintiff testified that there were no hoists, forklifts, or other lifting devices on the work site, and that the door fell because it was too heavy for him and his coworkers to hold up without such a device. Plaintiff further testified that he knew that the door weighed about 300 pounds because he could lift 100 pounds by himself, but that he and his coworker were unable to lift it together.
The affidavit of his employer's foreman, who admittedly did not witness the accident, did not dispute most of the facts relevant to plaintiff's claim. The foreman's affidavit failed to raise a question of fact as to the door's weight, since he did not provide any basis for his bare claim that the door weighed about 100-120 pounds and could easily be lifted by two workers without the use of a hoist or forklift. Furthermore, the precise weight of the door, whether it fell from a height of 7 feet or 3 ½ feet, or whether a dolly was being used when it fell are not material in this case. It is undisputed that no lifting devices contemplated by Labor Law § 240(1) were available at the job site and that plaintiff's injuries flow "directly from the application of the force of gravity to the object" (Runner v New York Stock Exch., Inc., 13 NY3d 599, 604 [2009]) as he and his coworkers attempted to lift it into the truck by hand. Given that the gravitational force in this case was strong enough to sever plaintiff's finger from his hand, this is clearly the kind of harm Labor Law § 240(1) was designed to protect against (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501 [1993]). Accordingly, plaintiff is entitled to partial summary judgment (see Miller v 177 Ninth Ave. Condominium, 158 AD3d 467 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 26, 2023